UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00485-GNS

NAUTILUS INSURANCE COMPANY                                                       PLAINTIFF

v.

SOCAYR SFH, LLC d/b/a CRPS LIMITED
PARTNERSHIP PG1 #1-6 and
MICHESHIA NORMENT, as administratrix of
the Estate of Dequante Hobbs, Jr.                                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 9), Plaintiff's Motion for Entry of Default (DN 10), Defendant's Motion for Extension of Time to File an Answer (DN 14), Plaintiff's Motion for Leave to File an Amended Complaint (DN 18), and Plaintiff's Amended Motion for Leave to File an Amended Complaint (DN 19). These motions are now ripe for adjudication. For the reasons that follow, Plaintiff's Amended Motion for Leave to File an Amended Complaint is **GRANTED**, and all other motions are **DENIED AS MOOT**.

### I.   BACKGROUND

#### A.   Statement of Facts

On approximately May 21, 2017, Wyatt Lamarr Williams ("Williams") fired several shots from his handgun near property located at 2109 West Madison Street, Louisville, Kentucky. (Compl. ¶¶ 6-7, DN 1). A stray bullet struck and killed Dequante Hobbs Jr., who was sitting at the kitchen table inside his home. (Compl. ¶ 8). Defendant Micheshia Norment ("Norment"), as administratrix of the Estate of Dequante Hobbs, Jr., subsequently filed a complaint in Jefferson Circuit Court, Case No. 19-CI-01825, against Williams, Defendant SOCAYR SFH, LLC d/b/a

1

CRPS Limited Partnership PG1 #1-6 ("CRPS") as the owner of the premises, and Plaintiff Nautilus Insurance Company ("Nautilus") as the issuer of a general liability insurance policy to CRPS. (Compl. ¶¶ 6, 28).[1]

B. **Procedural History**

On July 2, 2019, Nautilus filed a Complaint for declaratory judgment against CRPS and Norment (collectively, "Defendants") seeking a ruling that Nautilus has no duty under the insurance policy to defend CRPS against or otherwise indemnify CRPS for claims made by Norment in the Jefferson Circuit Court action. (Compl. ¶¶ 33, 38, 44). On August 30, 2019, Norment moved to dismiss the Complaint arguing that this Court should exercise its discretion to decline jurisdiction under the Declaratory Judgment Act. (Def.'s Mot. Dismiss 12, DN 9). Nautilus responded. (Pl.'s Resp. Def.'s Mot. Dismiss, DN 11). On September 13, 2019, Nautilus moved for entry of default against CRPS for failure to answer the Complaint. (Pl.'s Mot. Entry Default 2, DN 10). CRPS responded to the motion for default by arguing that Nautilus did not properly plead subject matter jurisdiction, by requesting an extension of time to file its answer, and then by filing its answer. (Def.'s Resp. Pl.'s Mot. Entry Default 1, DN 13; Def.'s Mot. Extension Time, DN 14; Answer, DN 16). Nautilus replied to CRPS's response to the motion for entry of default and responded in opposition to CRPS's motion for extension of time. (Pl.'s Reply Pl.'s Mot. Entry Default, DN 17; Pl.'s Resp. Def.'s Mot. Extension Time, DN 15). On October 15, 2019, Nautilus moved for leave to file an Amended Complaint. (Pl.'s Mot. Leave File Am. Compl., DN 18). On November 22, 2019, Nautilus filed an amended motion for leave to file an

---

[1] A copy of the underlying state court complaint is attached as Exhibit A of the Complaint, available at DN 1-2, and a copy of the Nautilus insurance policy is attached as Exhibit B of the Complaint, available at DN 1-3.

Amended Complaint. (Pl.'s Am. Mot. Leave File Am. Compl., DN 19). Defendants have not responded or otherwise objected to either motion for leave to file an Amended Complaint.

## II. DISCUSSION

Under Fed. R. Civ. Proc. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Generally, Rule 15 reflects a "liberal amendment policy" and whether to grant a motion to amend is within the discretion of the district court. *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). When determining whether to grant a Rule 15 motion to amend, the court "should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citation omitted).

Nautilus's first motion to amend its complaint clarifies that the Amended Complaint will "add the citizenship of the sole member of Defendant SOCAYR SFH, LLC to establish diversity jurisdiction." (Pl.'s Mot. Leave File Am. Compl. 1). Nautilus's proposed amendment seeks to cure its failure to plead diversity jurisdiction as highlighted by CRPS's response to Nautilus's motion for entry of default. (Def.'s Resp. Pl.'s Mot. Entry Default 1). Next, Nautilus's amended motion to amend its Complaint also adds "allegations under a Nautilus Excess Policy to be addressed within the same context as claims asserted under the Nautilus CGL Policy addressed in the original Complaint." (Pl.'s Am. Mot. Leave File Am. Compl. 1). These motions are not opposed by Defendants.

Beyond its stated reasons for the need to amend, Nautilus has not further explained how "justice so requires" this Court to grant the requested leave. On the other hand, these motions are unopposed by Defendants, and the Rule 15 standard suggests a preference for granting requests to amend. *See Basham v. BAE Sys. Land & Armaments L.P.*, No. 3:18-CV-808-RGJ, 2019 WL 6898670, at *4 (W.D. Ky. Dec. 18, 2019) ("Because Rule 15 mandates that leave should be freely given, the Court chooses to exercise its discretion to grant Plaintiff leave to amend."). Moreover, due in part to the lack of opposition by Defendants, the extenuating factors do not weigh against granting leave. There is no suggestion of undue delay by Nautilus or lack of notice to Defendants. Rather, this case is still in the early stages of litigation. While Nautilus did file a motion to amend and then an *amended* motion to file an Amended Complaint, the amended motion was prompt and presumably made in good faith. Defendants have not argued that granting Nautilus leave to amend will unfairly prejudice them or otherwise be futile. As such, the amended motion for leave to file an Amended Complaint will be granted.

Justice is further served by granting leave to file an Amended Complaint because it will allow the parties to correct technical mistakes and otherwise clarify the relevant legal issues. *See Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) ("[T]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." (citation omitted)). First, because the amended motion is granted, Nautilus's initial motion for leave to file an Amended Complaint is now moot. Norment's motion to dismiss is similarly moot in that the Amended Complaint "subsumes the allegations in the prior complaints . . . ." *Hull v. Rawlings Co.*, No. 3:18-CV-00772-GNS, 2019 WL 1767893, at *2 (W.D. Ky. Apr. 22, 2019) (citing *Herran Props., LLC v. Lyon Cty. Fiscal Court*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (W.D. Ky. Dec. 13, 2017)). Likewise, Nautilus's motion for entry of default is moot because CRPS will

4

now have time to file an answer to the amended complaint. *See also Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (noting that federal courts have "a strong preference for trials on the merits . . . ."). Finally, CRPS's motion for extension of time to file an answer is moot because, again, CRPS can now file an answer to the Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Nautilus's Amended Motion for Leave to File an Amended Complaint (DN 19) is **GRANTED**.

2. Defendant's Motion to Dismiss (DN 9), Plaintiff's Motion for Entry of Default (DN 10), Defendant's Motion for Extension of Time to File an Answer (DN 14), and Plaintiff's Motion for Leave to File an Amended Complaint (DN 18) are **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

January 17, 2020

cc: counsel of record